Franck **DUJARDIN**, Appellant,

v.

**INTERNATIONAL BANK FOR RE- CONSTRUCTION AND DEVEL- OPMENT, et al.,** Appellees.

No. 00–7206.

United States Court of Appeals, District of Columbia Circuit.

May 22, 2001.

Before HENDERSON, TATEL, and GARLAND, Circuit Judges.

*JUDGMENT*

This case was heard on the record from the United States District Court for the District of Columbia and on the briefs and arguments by counsel. The court has accorded the arguments full consideration and has determined the issues presented occasion no need for a published opinion. *See* D.C.Cir. Rule 36(b). The court concludes, specifically, that the appellees are immune from the appellant's defamation suit under the International Organizations Immunities Act of 1945 (IOIA), 22 U.S.C. § 288a(b).

Under the IOIA, 22 U.S.C. §§ 288 *et seq.*, international organizations, such as the International Bank for Reconstruction and Development (IBRD or World Bank) and the International Development Agency (IDA), that have been recognized by the President through an "appropriate Executive order," 22 U.S.C. § 288, are afforded immunity from suit.[1] "International organizations, their property and their assets, wherever located, and by whomsoever held, shall enjoy the same immunity from suit and every form of judicial process as is enjoyed by foreign governments, except to the extent that such organizations may expressly waive their immunity for the purpose of any proceedings or by the terms of any contract." 22 U.S .C.

288a(b). The court recently interpreted this language to grant international organizations absolute immunity from all lawsuits and claims. *See Atkinson v. Inter-American Dev. Bank,* 156 F.3d 1335, 1341–42 (D.C.Cir.1998). There are only two sources of limitation to the immunity: (1) the organization itself may waive its immunity and (2) the President may specifically limit the organization's immunities when he selects the organization as one entitled to enjoy the IOIA's privileges and immunities. *Mendaro v. World Bank,* 717 F.2d 610, 613 (D.C.Cir.1983). The World Bank, of which the IDA is a sub-entity, has waived its immunity from suit brought by its debtors, creditors, bondholders and those other potential plaintiffs as to whom the Bank would have subjected itself to suit in order to achieve its chartered objectives. *See id.* at 615; *see also Atkinson,* 156 F.3d at 1338.

In determining whether the World Bank has waived its immunity here, we ask whether "the particular type of suit would *further* the Bank's objectives." *Atkinson,* 156 F.3d at 1338 (emphasis original). If it does not, "the Bank's immunity should be construed as *not waived." Id.* (emphasis original). The appellant's defamation suit neither furthers the World Bank's objectives nor enhances the Bank's ability to participate in commercial transactions. *See id.* That such a suit is brought by a former employee of a borrower of the World Bank, whom the Bank allegedly recruited to work for the borrower and to whom it promised employment benefits, does not affect the Bank's immunity. Accordingly, it is

ORDERED that the judgment from which this appeal has been taken be affirmed substantially for the reasons stated

---

1. The IBRD and the IDA have been designated "public international organizations" pursuant to Executive orders. *See* Exec. Order No. 9751, 11 Fed.Reg. 7713 (1946) (IBRD); Exec. Order No. 11966, 42 Fed.Reg. 4331 (1977) (IDA).

in the district court's memorandum opinion of July 27, 2000. *See Dujardin v. International Bank for Reconstruction and Development,* No. 99–3398 (D.D.C. July 27, 2000).[2]

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C.Cir. Rule 41(a)(1).

Before WILLIAMS, GINSBURG, and ROGERS, Circuit Judges.

---

**2.** Because the appellees are immune from suit, we have no occasion to determine the legal adequacies of the appellant's defamation claim. *Cf. Lutcher S.A. Celulose E Papel v.*

*Inter–Am. Dev. Bank,* 382 F.2d 454, 460–61 (D.C.Cir.1967) (proceeding to merits only after concluding Bank had waived immunity).